GREENBERG TAURIG, LLP
MARK D. KEMPLE (SBN 145219)
ASHLEY FARRELL PICKETT (SBN 271825)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: kemplem@gtlaw.com
Email: farrellpicketta@gtlaw.com

Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS KENNY,<br>            Plaintiff,<br>vs.<br>WAL-MART STORES, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; US HEALTHWORKS MEDICAL GROUP, a California Corporation; and DOES 1 through 100, Inclusive,<br>            Defendants. | **CASE NO. 5:17-CV-00967**<br><br>**DEFENDANTS WAL-MART STORES, INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2) (CAFA)**<br><br>[Filed and served concurrently with Civil Cover Sheet and Defendants' FRCP 7.1 Corporate Disclosure Statement]<br><br>Removal Filed:    May 17, 2017<br>State Action Filed:    January 13, 2017 |

NOTICE OF REMOVAL

LA 133027892v6

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (the "Wal-Mart Defendants") hereby remove the above-captioned action, *Kenny v. Wal-Mart Stores, Inc.*, *Wal-Mart Associates, Inc., US Healthworks Medical Group, and DOES 1-100,* Case No. CIVDS1700766 (the "Action") from the California Superior Court for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a), 1332(d), and 1446(b) on the grounds articulated below. The Wal-Mart Defendants hereby provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added). In the event that the Court requires that Wal-Mart Defendants prove the facts alleged in this pleading, or to otherwise establish jurisdiction, Wal-Mart Defendants are prepared to do so.[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by

---

[1] A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547. 551 (2014). *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'"). Rather, as the Supreme Court has clarified, "if the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 553-554.

the filing of this Notice.[2]

## VENUE

2. The action was filed in the Superior Court of the State of California for the County of San Bernardino. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders in the state court file are attached hereto as Exhibits A-C. For the Court's ease of reference, these documents consist respectively of: Plaintiff's Complaint (Exhibit A), Plaintiff's First Amended Complaint (Exhibit B), and the remainder of the state court file (Exhibit C).

## SERVICE ON THE STATE COURT

4. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal, will be filed with the Clerk of the San Bernardino County Superior Court.

## PLEADINGS, PROCESS AND ORDERS

5. On or about January 13, 2017, Plaintiff, on behalf of himself and others similarly situated, filed a Complaint in the Superior Court for the County of San Bernardino, captioned *Kenny v. Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., US Healthworks Medical Group, and DOES 1-100*, Case No. CIVDS1700766 ("Complaint"). A true and correct copy of the Summons and Complaint filed in San

---

[2] Because removal is made pursuant to CAFA, each Wal-Mart Defendant need not consent to removal. *See United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).

Bernardino County Superior Court is attached hereto as <u>Exhibit A</u>.

6. On or about February 17, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff served the FAC on the Wal-Mart Defendants on February17, 2017. A true and correct copy of the FAC is attached hereto as <u>Exhibit B</u>.

7. According to the FAC, Plaintiff and the members of the putative Classes he purports to represent are (or were) employees of the Wal-Mart Defendants in California. [FAC, ¶¶ 19, 23, 46.]

8. The FAC seeks to allege twelve causes of action for: (1) Unlawful Medical Inquiry in Violation of FEHA, (2) Invasion of Privacy in violation of Art. I of the California Constitution; (3) Retaliation and Wrongful Termination in violation of Cal. Labor Code § 1102.5, (4) Wrongful Termination in Violation of Public Policy, (6) Violation of Business and Professions Code § 17200, (7) Disability Discrimination in violation of FEHA, (8) Failure to Reasonably Accommodate in violation of FEHA, (9) Failure to Engage in the Interactive Process in violation of FEHA, (10) Failure to Maintain a Workplace Free From Discrimination and Retaliation in violation of Government Code §12940(k), (11) Retaliation in violation of FEHA, and (12) Aiding and Abetting in violation of FEHA.

## TIMELINESS OF THE REMOVAL

9. This removal is timely. As the Ninth Circuit Court of Appeal has held and clarified, CAFA removal is timely at any time so long as (1) the face of the complaint does not plainly allege all elements needed for traditional diversity (including the amount in controversy), and (2) plaintiff has not served some other "paper" which concedes all elements needed for traditional diversity. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to

run against the defendant"); *see also Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth* holding*;* "We also recently held in *Roth v. CHA Hollywood Medical Center, L.P.*, that the two 30–day periods are not the exclusive periods for removal. 720 F.3d 1121, 1124–25 (9th Cir.2013). In other words, as long as the complaint or "an amended pleading, motion, order or other paper" does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time."); *Taylor v. Cox Commc'ns California, LLC,* 2016 WL 7422717, at *1 (9th Cir. Dec. 23, 2016) ("We also hold that Defendants' second Notice of Removal was timely. 'A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.'").

10. Here, the face of neither the Complaint nor the FAC plainly alleges all elements needed for removal, and Plaintiff has not served some other "paper" which concedes all elements needed for removal. For example, no amount in controversy is, or has been, stated in any paper received from Plaintiff. This removal is therefore timely.

## **ORIGINAL JURISDICTION PURSUANT TO CAFA**

11. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) no Defendant is a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and, (4) there is diversity between at least one class member and one Defendant. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

### *The Proposed Class Contains At Least 100 Members*

12. Plaintiff alleges that the Wal-Mart Defendants required mandatory drug and/or alcohol testing of all employees who were injured at work. [*See e.g.* Exhibit B, FAC ¶¶ 33, 35.] Plaintiff's "Class 2" consists of all current and former employees of

the Wal-Mart Defendants, who took a drug and/or urine test "with [Defendant U.S.] HEALTHWORKS" after suffering workplace-related injury. [*Id.* at ¶ 23.] Within the putative class period, pled as four years preceding the commencement of the action [*id.* at ¶2], substantially in excess of 100 persons employed by the Wal-Mart Defendants in California took a drug test with Defendant U.S. Healthworks after suffering a workplace-related injury at Wal-Mart. As such, the putative class exceeds 100 persons.

13. Further, Plaintiff pleads that "it is estimated that the [putative] Classes number greater than 100 individuals." [Exhibit B, FAC ¶25.]

### *Defendants Are Not a Governmental Entity*

14. Defendants are not a state, state official, or other governmental entity.

### *Minimum Diversity Exists*

15. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

16. Plaintiff and, on information and belief, some other putative class members, are each citizens of California. Accordingly, at least one member of the putative class is a citizen of the State of California.

17. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*.

18. The Wal-Mart Defendants are each a corporation incorporated under the laws of the State of Delaware, and have their corporate headquarters, where each

corporation's officers reside and direct, control, and coordinate the corporation's activities, in the State of Arkansas. Thus, the Wal-Mart Defendants are each citizens of the State of Delaware, where they are incorporated, and the State of Arkansas, where they have their principal place of business.

19. Because Plaintiff and some other putative class members are citizens of California, and not of Arkansas or Delaware, and the Wal-Mart Defendants are citizens of Delaware and Arkansas, and not California, at least one putative class member is diverse from a Defendant (indeed, both Wal-Mart Defendants) and CAFA's minimal diversity requirement is met.

### *The Amount in Controversy on Putative Class Claims Exceeds $5,000,000*

20. The amount in controversy includes claims for general and special damages, penalties, and attorney's fees if recoverable by statute or contract, and punitive damages. *E.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 at *4-5 (N.D. Cal., 1997); 28 U.S.C. §§ 1332(d)-(e), 1453, 1711-1715.

21. This jurisdictional element "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn, Korn v. Polo Ralph Lauren Corporation, 536 F.Supp.2d 1199,* 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.,* 408 F.Supp.2d 982, 986 (S.D.Cal.2005)). "In measuring the amount in controversy, 'a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Korn*, 536 F.Supp.2d at 1205 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002).[3]

---

[3] Each Wal-Mart Defendant denies that it has any liability to Plaintiff or to the putative classes that he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the compensatory damages, punitive damages, injunctive relief, attorney fees and other relief requested in the Complaint or FAC.

22. Further, defenses that a defendant may assert – such as a statute of limitation – are not considered in assessing the amount placed in controversy. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("None of these facts are disclosed by the complaint; the court must resolve them in determining the validity of the defense of the statute of limitations; and the possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"). *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses …may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

23. Though the Wal-Mart Defendants concede no liability on Plaintiff's claims, assuming that all of Plaintiff's allegations are true, Plaintiff's putative class claims place in controversy a sum greater than $5,000,000.[1]

24. Specifically, Plaintiff alleges, among other things, that the Wal-Mart Defendants' employed a "uniformly-applied, across the board policy" which "requires that WAL-MART'S employees who are injured at work, including members of the Classes, immediately to submit to a drug and/or urine test through [Defendant U.S.] HEATHWORKS within 24 hours." [*Id.* at ¶¶ 1, 33, 34.] Plaintiff alleges that "[s]uch a test, or request to take such a test, [] invade[d] Plaintiffs and the members of the Classes' privacy rights." [*Id.*, at ¶94.] Plaintiff alleges that, per this uniformly applied policy, "[a]t all times, Defendants' demanded drug tests was highly intrusive and offensive to a reasonable person" [*id.* at ¶ 98] and that "[t]he conduct of Defendants in unlawfully inquiring into Plaintiff's and the members of the Classes' medical

---

[1] Each Wal-Mart Defendant in no way concedes by this removal that Plaintiff's claims and alleged putative classes may be certified for class treatment pursuant to Fed. R. Civ. P. 23.

7
NOTICE OF REMOVAL

conditions and/or information subjected them to cruel and unjust hardship." [*Id.* at ¶ 90.]

25. Plaintiff further alleges that "any employee who fails the unlawful testing or does not submit to the unlawful testing is terminated under the express terms of the written policy" [*id.* at ¶1], and that the Wal-Mart Defendants thereby "violated public policy by terminating Plaintiff and the members of the Classes employment for reasons that violate public policy of the State of California … [¶ including] California Code of Regulations §11071 [and …] Article I, §1 of the California Constitution." [*Id.* at ¶¶ 114-115.]

26. Plaintiff alleges that his claims "are typical of the claims of all members of the Classes" [*id*. ¶26] and seeks, among other things, "general and special damages" [*id*. at Prayers B(1), C(1), E(1), and F(1)] as well as "a preliminary and permanent injunction prohibiting Defendants from continuing to engage in the unlawful and/or unfair business practices described herein, including their unlawful drug and/or urine tests ..." [*Id*. at ¶ 132.]

27. We turn first to Plaintiff's allegation that Wal-Mart employees who were injured on the job and sought outside medical care were required to submit to "an invasive drug test," and that those persons that failed the drug test, or refused to submit to it, were uniformly and unlawfully terminated. In the class period pled, but prior to the filing of the Complaint in this Action on January 13, 2017[4], there are hundreds of putative class members who failed a post workplace-related injury drug test administered by Defendant U.S. Healthworks and were thereafter were involuntarily terminated.

---

[4] The Wal-Mart Defendants conservatively use the date of commencement of this Action, though the amount in controversy may be calculated through the date of removal. *See e.g. Soto v. Kroger Co.,* 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013) (calculating lost wages though date of removal); *Haase v. Aerodynamics Inc.,* 2009 WL 3368519, at *3 (E.D. Cal. Oct. 19, 2009) (same); *Fortescue v. Ecolab Inc., No*. 2014 WL 296755, at *2 (C.D. Cal. Jan. 28, 2014) (same).

28. Calculating the back wages allegedly owed[5] to such putative class members from their date of termination through commencement of the Action, and using each individual's average wage during the last year of his/her employment (of if he/she did not work a full year, using his/her average wage during the entirety of his/her employment), Plaintiff's Count 5 places in controversy substantially in excess of $5,000,000. These back wages, measured only through the date of filing, alone satisfy the jurisdictional requirement. But Plaintiff also seeks post-filing and future wages on behalf of these putative class members (not included in the foregoing figure) which further increases the amount in controversy.

29. In addition to Plaintiff's back wage claims – which alone place in controversy in excess of $5 million – Plaintiff also seeks general damages on behalf of the entire putative class. [FAC, ¶ 88.] "General damages provide compensation for pain, suffering, and emotional distress." *Haase, supra,* 2009 WL 3368519, at *3. As noted above, Plaintiff alleges that the Wal-Mart Defendants' drug testing policy "violate[d] employees' right to privacy," was "highly intrusive and offensive," and "subjected them to cruel and unjust hardship." [*Id.* at ¶¶ 1, 90, 98.] During the class period pled, but prior to the commencement of the Action, and putting aside the hundreds of persons who were terminated after taking a drug test, there were thousands of putative class members who either refused to submit, or did submit, to a post workplace-related injury drug test administered by Defendant U.S. Healthworks. Assuming just 1,000 such persons (though there were thousands), and assuming just $5,000 in damages per each of these persons who suffered "cruel and unjust hardship," this alone conservatively[6] would place "in controversy" an additional $5,000,000

---

[5] *See* FAC, ¶ 89 (seeking special damages under wrongful termination claim); *Haase, supra,* 2009 WL 3368519, at *3 ("Special damages compensate claimants for specific out-of-pocket financial expenses and losses.")

[6] In this regard, "a defendant can show the amount in controversy by introducing evidence of jury verdicts in cases with analogous facts." *Soto, supra,* 2013 WL 3071267, at *3). *See Su v. Nat'l Aeronautics & Space Admin.,* 2014 WL 4794835, at

beyond what is discussed above. Notably, general damages for the alleged invasion of privacy could place in controversy in excess of $5,000 per putative class member.

30. Finally, Plaintiff and his putative classes also seek (i) injunctive relief,[7] (ii) attorney fees and costs through trial,[8] and (iii) punitive damages. (*See e.g.* Exhibit B, FAC, at ¶¶ Prayers B-L.) Again, none of these additional recoveries are included in the foregoing calculations, though they would substantially increase the amount in controversy. Indeed, inclusion of punitive damages alone would place in controversy in in excess of an additional $5,000,000. *See e.g. Barbara A. Luck v. Southern Pacific*

---

*13 (N.D. Cal. Sept. 25, 2014) (citing *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1484 (Ct. App. 1986) ("One whose right of privacy is unlawfully invaded is entitled to recover substantial damages, although the only damages suffered by him resulted from mental anguish"; awarding $10,000 in damages as compensation for deprivation of Plaintiff's privacy rights); *Barbara A. Luck v. Southern Pacific Transportation Company*, 38 Trials Digest (TD) 10101 (1987) (awarding plaintiff $32,100.00 in emotional distress damages for violation of constitutional right to privacy and wrongful termination for refusal to submit to random drug testing by employer).

[7] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977); *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) (same). The "amount in controversy" requirement is satisfied where either plaintiff can gain or defendant can lose the jurisdictional amount. *See In re Ford Motor Co./Citibank (South Dakota)*, 264 F. 3d 952, 958 (9th Cir. 2001) (holding that, for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may be related to either or any party to the action"). In effect, Plaintiff's request for injunctive relief multiplies the amount in controversy by projecting the past amount in controversy into the future.

[8] *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative. Plaintiff is mistaken. [In *Galt*] [t]he Ninth Circuit clearly … anticipated that district courts would project fees beyond removal."); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699, at *4 (N.D. Cal. 2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

*Transportation Company*, 38 Trials Digest (TD) 10101 (1987) (awarding plaintiff $272,580.00 in punitive damages for violation of constitutional right to privacy and wrongful termination for refusal to submit to random drug testing by employer).

31.  Plainly, the amount "in controversy" on these putative class claims exceeds $5,000,000.

## NO ADMISSION

32.  Each Wal-Mart Defendant expressly admits of no liability to Plaintiff or to the putative Classes he seeks to represent, does not admit that Plaintiff is an adequate class representative for the Classes that he seeks to represent, and does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the FAC.  Each Wal-Mart Defendant also in no way admits that the instant action satisfies the requirements for class certification.  However, this Action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper.

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of San Bernardino.

Dated: May 17, 2017　　　　GREENBERG TRAURIG, LLP

By:　　*/s/ Mark D. Kemple*
　　　　Mark D. Kemple
　　　　Attorneys for Defendants Wal-Mart Stores, Inc.
　　　　and Wal-Mart Associates, Inc.